THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed:  February 18, 2011

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Giovanni Food Co., Inc.
_____

Serial No. 77796257
_____

Virginia A. Hoveman of Green & Seifter Attorneys, PLLC for
Giovanni Food Co., Inc.

Evelyn Bradley, Trademark Examining Attorney, Law Office
105 (Thomas G. Howell, Managing Attorney).
_____

Before Quinn, Grendel and Kuhlke, Administrative Trademark
Judges.

Opinion by Kuhlke, Administrative Trademark Judge:

Giovanni Food Co., Inc. has filed an application to

register the standard character mark JUMPIN' JACKS for

"barbeque sauce" in International Class 30.[1]

Registration has been refused under Section 2(d) of

the Trademark Act, 15 U.S.C. §1052(d), on the ground that

applicant's mark, when used with its identified goods, so

resembles the registered standard character mark JUMPIN

_____

[1] Application Serial No. 77796257, filed August 4, 2009, alleging
a bona fide intent to use the mark in commerce under Section 1(b)
of the Trademark Act, 15 U.S.C. §1051(b).

JACK'S for "coffee-house services; and catering services" as to be likely to cause confusion, mistake or deception.[2] The examining attorney bases the refusal only on registrant's "catering services."

When the refusal was made final, applicant appealed and briefs were filed.

As a preliminary matter, the examining attorney's objection to late-filed evidence is sustained. Trademark Rule 2.142(d). The exhibits attached to applicant's brief comprise duplicative material (the subject application) and matter not previously submitted (various documents from the file of the cited registration). During the examination of a pending application, examining attorneys make Section 2(d) determinations based on the information contained in the four corners of the electronic printout of a prior pending application or registration pulled from the Office's electronic database and not on the complete contents of the prior pending application or registration files. Thus, in citing a registration which forms a bar under Section 2(d), examining attorneys attach to the Office Action only a printout from the Office's electronic database of the cited registration and not the contents of the registration file, and it is only this printout that

---

[2] Registration No. 3621099, issued May 12, 2009.

forms part of the record. If an applicant wishes to rely on matter within the filewrapper of that cited registration, it must timely make it of record during the prosecution of its application. In other words, the filewrapper of a cited registration is not made of record by virtue of the examining attorney attaching to the Office Action the printout detailing the particulars of the issued registration.

Our determination of the issue of likelihood of confusion is based on an analysis of all of the probative facts in evidence that are relevant to the factors set forth in In re E. I. du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (CCPA 1973). See also, In re Majestic Distilling Co., Inc., 315 F.3d 1311, 65 USPQ2d 1201 (Fed. Cir. 2003). In any likelihood of confusion analysis, two key considerations are the similarities between the marks and the similarities between the goods and/or services. See Federated Foods, Inc. v. Fort Howard Paper Co., 544 F.2d 1098, 192 USPQ 24 (CCPA 1976). See also, In re Dixie Restaurants Inc., 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997).

Considering the marks, we compare them in their entireties in terms of appearance, sound, connotation and commercial impression. Here, the marks JUMPIN' JACKS and

JUMPIN JACK'S are identical in appearance and sound, but for the placement of the apostrophe. Further, taken in the context of the respective goods and services, we also find the connotation and commercial impression of the marks to be similar. There is nothing in the record to suggest that use of JUMPIN' JACKS in connection with barbeque sauce and JUMPIN JACK'S in connection with catering services would give rise to differing meanings or impressions. We further note that applicant does not contest that the marks are similar.

We turn then to consider the respective goods and services identified in the application and the cited registration. It is well settled that goods and services need not be similar or competitive in nature to support a finding of likelihood of confusion. See Helene Curtis Industries Inc. v. Suave Shoe Corp., 13 USPQ2d 1618 (TTAB 1989). In addition, we must consider the cited registrant's services as they are described in the registration and we cannot read limitations into those services. See Hewlett-Packard Co. v. Packard Press Inc., 281 F.3d 1261, 62 USPQ2d 1001 (Fed. Cir. 2002); Octocom Systems Inc. v. Houston Computers Services Inc., 918 F.2d 937, 16 USPQ2d 1783, 1787 (Fed. Cir. 1987). Finally, it is recognized that goods and services may be related. See In

re United Service Distributors, Inc., 229 USPQ 237 (TTAB 1986) (mark for distributorship services in the field of health and beauty aids held likely to cause confusion with mark for skin cream).

In this case, we must compare applicant's "barbeque sauce" to registrant's "catering services." While food products and catering services have been found to be sufficiently related to give rise to a likelihood of confusion, In re H.J. Seiler Co., 289 F.2d 674, 129 USPQ 347 (CCPA 1961), there is no per se rule that certain goods and services are related. Lloyd's Food Products, Inc. v. Eli's, Inc., 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993) (no per se rule about confusion, where similar marks are used in connection with restaurant services and food products).

Moreover, when presented with food services and food products in order "[t]o establish likelihood of confusion [the Office] must show *something more* than that similar or *even identical marks* are used for food products and for restaurant services." Jacobs v. International Multifoods Corp., 668 F.2d 1234, 212 USPQ2d 641, 642 (CCPA 1982) (emphasis added). While Jacobs involved "restaurant services," we find it appropriate to apply the "something

more" requirement to other services that involve providing prepared foods such as "catering services."

In support of her position that the goods and services are related, the examining attorney submitted: (1) third-party registrations showing that a single mark has been registered for "restaurant and catering services" and "barbeque sauce"; and (2) printouts from third-party websites showing that barbeque restaurant and catering services and barbeque sauce are offered under the same mark from a single source.

Viewing similar evidence in In re Coors Brewing Co., 343 F.3d 1340, 68 USPQ2d 1059, 1063 (Fed. Cir. 2003), our primary reviewing court, the Federal Circuit, found that:

> In light of the requirement that "something more" be shown to establish the relatedness of food and restaurant products for purposes of demonstrating a likelihood of confusion, the Board's finding that beer and restaurant services are related is not supported by substantial evidence. ... While there was evidence that some restaurants sell private label beer, that evidence did not suggest that such restaurants are numerous. ... Thus, the evidence before the Board indicates not that there is a substantial overlap between restaurant services and beer with respect to source, but rather that the degree of overlap between the sources of restaurant services and the sources of beer is de minimis. ... The evidence of overlap between beer and restaurant services is so limited that to uphold the Board's finding of relatedness would effectively overturn the requirement of Jacobs that a finding of relatedness between food and restaurant services

> requires "something more" than the fact that
> restaurants serve food. ...
>
> ... the registered mark in this case is simply
> for restaurant services in general, and the
> Board's conclusion that restaurant services and
> beer are related is based on the fact that a tiny
> percentage of all restaurants also serve as a
> source of beer, which is a very weak evidentiary
> basis for a finding of relatedness.

Coors Brewing, 68 USPQ2d at 1063-1064.

Thus, the Court makes clear that the relatedness of food services and food items is not to be assumed and that evidence sufficient to meet the "something more" standard is necessary.

We observe that the Board has found the "something more" requirement to be met where applicant's mark made clear that its restaurant specialized in registrant's type of goods, In re Golden Griddle Pancake House Ltd., 17 USPQ2d 1074, (TTAB 1990) (GOLDEN GRIDDLE PANCAKE HOUSE for restaurant services confusingly similar to GOLDEN GRIDDLE for table syrup) and In re Azteca Restaurant Enterprises, Inc., 50 USPQ2d 1209 (TTAB 1999) (AZTECA MEXICAN RESTAURANT for restaurant services confusingly similar to AZTECA for Mexican food items); the record showed that registrant's wines were actually sold in applicant's restaurant, In re Opus One Inc., 60 USPQ2d 1812 (TTAB 2001) (OPUS ONE for wine confusingly similar to OPUS ONE for restaurant

7

services); or the mark was found to be "a very unique, strong mark," In re Mucky Duck Mustard Co. Inc., 6 USPQ2d 1467, 1469 (TTAB 1988) (MUCKY DUCK for mustard confusingly similar to MUCKY DUCK for restaurant services).

In this case, the requirement to show "something more" has not been met. All of the third-party registrations are for barbeque sauce and specifically "restaurant services **and** catering services" (emphasis added). In addition, the third-party websites wherein catering services and barbeque sauce are offered also indicate that the services and sauce emanate from or are related to restaurants. Thus, it is not clear that "catering services" alone are sufficiently related to barbeque sauce. Moreover, all of the third-party websites and all but one of the marks in the third-party registrations make clear that the restaurant and catering services specialize in barbeque. The mere fact that some restaurants that specialize in barbeque also provide catering services and sell barbeque sauce is not sufficient to establish a relationship between catering services *in general* and barbeque sauce. See Coors Brewing, 68 USPQ2d at 1064. There is no evidence that registrant's catering services specialize in barbeque. See Azteca, 50 USPQ2d 1209; Golden Griddle, 17 USPQ2d 1074.

Finally, nothing has been placed in the record upon which to base a finding that the mark JUMPIN JACK'S is a "very strong, unique" term as the mark MUCKY DUCK was held to be.  Mucky Duck, 6 USPQ2d 1467.

In conclusion, because there is not sufficient evidence to meet the "something more" requirement of Jacobs, we determine that the Office has not met its burden of proving likelihood of confusion.

**Decision**:  The refusal to register under Section 2(d) of the Trademark Act is reversed.